NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

GARY WILLIAM MIANO, *Plaintiff/Appellant,*

*v.*

STEVEN CHILL, et al., *Defendants/Appellees.*

No. 1 CA-CV 20-0445
FILED 8-3-2021

Appeal from the Superior Court in Maricopa County
No. CV2018-015481
The Honorable Margaret R. Mahoney, Judge

**AFFIRMED**

COUNSEL

Lloyd Baker Injury Attorneys, Phoenix
By Ricky John Horton, Lloyd Baker, Amy Molina Conway
*Counsel for Plaintiff/Appellant*

Jones Skelton & Hochuli PLC, Phoenix
By William D. Holm, Petra Lonska Emerson
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge Maria Elena Cruz joined.

---

**B A I L E Y**, Judge:

¶1          Gary William Miano appeals the superior court's grant of summary judgment in favor of Steven Chill, his wife Lisa Chill, and his mother Ann Chill (collectively "the Chills").  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2          When Steven Chill opened his front door to greet his neighbor, Gary Miano, a dog ran out of the house and bit Miano's shin.  Miano did not seek medical treatment until two months later when he began developing vision problems.  After consulting numerous medical providers, Miano tested positive for "[T]oxocara antibody/[T]oxocariasis."[1]

¶3          Miano filed a complaint against the Chills alleging the dog bite caused his Toxocariasis and resulting vision loss.  The Chills moved for summary judgment supported by their medical expert's opinion that Toxocariasis cannot be transmitted through direct injection like a dog bite.

¶4          The court granted summary judgment and found Miano had not presented admissible evidence causally linking the dog bite to his vision loss.  The court further found Miano had not disclosed his two treating physicians as experts as required by Arizona Rule of Civil Procedure 26.1(d)(2), but that even if he had, his physicians could not testify as to causation because they had not diagnosed or treated Miano for Toxocariasis.

---

[1] The Toxocara antibody can be detected in a person's blood for years after exposure, but its presence does not indicate an active Toxocariasis infection. Toxocariasis is a parasitic infection.

**¶5** We have jurisdiction over Miano's timely appeal under Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶6** The court must grant summary judgment when there is "no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). "We review de novo a grant of summary judgment, viewing the evidence and reasonable inferences in the light most favorable to the party opposing the motion." *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12 (2003).

**¶7** Miano does not challenge the superior court's determination that expert evidence was required to show a causal connection between the dog bite, the Toxocariasis, and the vision loss. And he does not dispute the superior court's finding that he failed to disclose his treating physicians as experts. *See generally* Ariz. R. Civ. P. 26.1(d).

**¶8** Instead, Miano argues summary judgment was inappropriate here because he "has or can" provide evidence about causation. Miano contends his treating physicians can opine about his treatment, and "research on the origins and the mechanism for the cause of the injury," and thus, the court erroneously determined that no expert opinion supported a diagnosis of [T]oxocariasis resulting from the dog bite.

**¶9** Although Miano contends that his two treating physicians diagnosed Toxocariasis as the cause of his vision loss and "have stated that more likely than not, the dog bite le[]d to [Miano's] vision loss," their deposition testimony belies that assertion.

**¶10** One physician diagnosed Miano with "optic disk edema probably secondary to [T]oxocariasis," but testified that she had not diagnosed Miano with Toxocariasis. She also conceded she did not know whether Toxocariasis can be transmitted by a dog bite.

**¶11** The other physician testified it was "possible," "logical" and "makes sense" that a person could contract Toxocariasis from a dog bite, but ultimately concluded it was "unlikely." He also testified that he could not locate any research or literature documenting Toxocariasis transmission by a dog bite. Additionally, he testified that he was not hired to determine whether Miano had Toxocariasis, was not opining on the cause of Miano's low vision problems, and was not able to state Miano's "condition came from a dog bite."

**¶12** Even accepting that Toxocariasis could lead to vision loss, Miano did not provide evidence of a causal link between Toxocariasis and the dog bite. Nor does Miano's evidence controvert the Chills' expert opinion that the dog bite could not have caused Toxocariasis.

**¶13** To the extent Miano has provided any evidence otherwise, it is of little probative value given the quantum of evidence needed to prove causation. *See Andrews*, 205 Ariz. at 240, ¶ 13 ("[S]ummary judgment in favor of either party is appropriate only 'if the facts produced in support of the [other party's] claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense.'") (quoting *Orme Sch. v. Reeves*, 166 Ariz. 301, 309 (1990)).

**¶14** We agree with the superior court that Miano provided no admissible expert opinion that Toxocariasis can be contracted through direct injection. *See generally* Ariz. R. Evid. 702-705; Ariz. R. Civ. P. 56(a). On this record, Miano has not shown that a material question of fact exists regarding whether the dog bite caused his Toxocariasis or whether Toxocariasis caused his vision impairment.

## CONCLUSION

**¶15** The court's grant of summary judgment is supported by the record evidence. We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA

4